Good morning ladies and gentlemen. Our first case for argument is United States against Inez Barrera. Ms. Sansonetti. Good morning. May it please the court, counsel. My name is Gabrielle Sansonetti. I represent Mr. Yanez-Barrera. Acceptance of responsibility is not simply a criminal justice sentencing principle. It is also a principle of human dignity. The reason acceptance of responsibility is credited is because it suggests that a defendant has come to terms with his criminal conduct, admitted his human feelings, and that it is the beginning of rehabilitation and a lack of recidivism. We give credit in sentencing procedure for this type of human self-reflection. For the same reasons, an individual who undergoes this process displays the greatest of human dignity. In this case, Mr. Yanez-Barrera was denied both. Mr. Yanez-Barrera comes to this court with a very narrow issue. Under section United States Act E1.1, does flight alone prohibit a reduction for acceptance of responsibility? In other words, under the exceptional circumstances provision where a defendant has received an obstruction of justice enhancement based upon his flight, is he foreclosed from also receiving a downward variant, downward variance? The reasons are very simple. Mr. Yanez-Barrera assisted a Mexican drug cartel under the direction of an individual named Jose Farias by unloading tractor-trailers carrying drugs. After surveilling a potential drug transportation effort, law enforcement made contact with Mr. Yanez-Barrera, who immediately, unequivocally, and fully disclosed his involvement in the crime without counsel. The other individuals involved, the other transactions of which law enforcement was not aware, and his full participation in the illegal activities. Then, remarkably, he agreed to surreptitiously record his co-conspirators during the drug transportation effort to aid law enforcement. What do you do about his flight though? He became a fugitive and the five years and there were pretty extensive resources into locating him, apprehending him, extraditing him. Then when he came back, you know, all the cooperation was pre-flight. So I understand why you're emphasizing that, but the flight is what everything turns on. Your Honor, the flight is taken into consideration under the guidelines under the obstruction of justice enhancement. Mr. Yanez-Barrera did not dispute that enhancement and indeed that enhancement would apply in a situation such as this. All right, so what makes this extraordinary to then equally qualify for acceptance? Well, under the acceptance guideline for section 3E1.1, the guidelines offer a list of potential activities that a defendant may undertake in order to achieve recognition for their acceptance and responsibility. However, under note 3, the entry of a plea of guilty prior to commencement of trial combined with truthfully admitting his conduct would be sufficient. Mr. Yanez-Barrera. There's no question, counsel, that your client would have received such a reduction except for his flight to avoid prosecution and section 3E1.1. So let me repeat my colleague's question with a somewhat different slant, which is how is it an abuse of discretion for a district judge to do something that 3E1.1 says is the norm, which is to deny an acceptance reduction to somebody who has an obstruction of justice enhancement? Well, Your Honor, if I may, my understanding of the 3E1.1 is that in extraordinary circumstances, that is certainly possible. The question on appeal is not whether it is possible, but whether the district judge abused his discretion in saying no when the guidelines provide that no is the normal answer. From Mr. Yanez-Barrera's fact pattern, no, there's not more that Mr. Yanez-Barrera could have done to accept responsibility. He could have not, Your Honor, but that is the flight, and that is what ultimately serves as, in this particular case, as the bar, a patent bar, to getting acceptance or responsibility credit. What's difficult for me is, what Judge Easterbrook is asking about is the abuse of discretion stand. So in a situation like this, would you say it's the best card you have is the pre-flight cooperation? Okay, but what Judge Easterbrook's saying is, it's discretionary, and so the only way I think you can get there is for us to effectively hold, in a situation where there is pre-flight cooperation, and he comes back, he's found extradited, pleads guilty, that acceptance is a must. Acceptance credit. And that runs you into the guideline. I think that if a defendant ultimately, so just a couple of corrections, he didn't just accept responsibility pre-flight. He also returned accepted responsibility once he returned, safety valve proffered, offered the government additional evidence against him. Did Judge Blakey have any discretion here, in your view? I think that in this particular situation, what ultimately ends up happening is Judge Blakey creates a bright-line rule, where there's not more that this particular defendant could have done in order to accept responsibility. He could have remained in the United States. But that is captured by the obstruction of guidelines enhancement. That conflates then, if that is the bar, and that's exactly my point. There is no bar. The guideline provides that the norm is no reduction if there's an obstruction of discretion. What Judge Scudder is asking is, how is it an abuse of discretion, that's the standard on review, for a district judge to stick with the norm? Again, in this particular fact scenario, there is not more that this defendant could have done to accept responsibility. Except stay in the United States. It's absurd for you to continually say, there's not more he could have done. There is much more he could have done. Stay in the United States those five years. Understood, Your Honor. You don't want us to ignore that. Well, maybe you want us to ignore that, but we can't. I do not want you to ignore that. I want recognition that Mr. Yanez-Berrera received an enhanced sentence. Not only did he receive an enhanced sentence for his flight under the obstruction enhancement, he also forewent, forego... Let me put it a different way. You're making the sort of argument you need to make in a court of appeals, is that Judge Blakey abused his discretion. And you might perceive that we are having trouble seeing it, because you're not even arguing it. You're just making the kind of argument you make to a sentencing judge. It's a different argument on appeal. Judge, under an abuse of discretion standard, the actions of the district court, the determination of the district court, doesn't make sense here. It doesn't make sense, because the flight is a separate consideration from the acceptance of responsibility. And what the guidelines offer to us, is that in exceptional circumstances, acceptance of responsibility can still be credited to a defendant. Again, this particular fact pattern offers exceptional acceptance responsibility, with the exception of the flight. Thank you, counsel. Ms. Wright. May it please the court, Ms. D. Wright, on behalf of the United States, this court should affirm the defendant's sentence. The sentencing guidelines presume that where there is obstruction, there is no acceptance, unless the defendant can show that his case is extraordinary. And the district court did not clearly err in finding that this defendant's case was not extraordinary. The defendant was arrested in the midst of a multi-kilogram narcotics transaction. He was told he would be charged. He gave a deficient post arrest statement that omitted certain information. He agreed to cooperate on the basis of that agreement. He was released, and he did cooperate by making some reported calls, but then he secretly absconded, and he remained a fugitive for over five years. He fled internationally to Mexico, and it took two countries many resources and a significant amount of time, over five years, to locate, apprehend, and extradite the defendant, to bring him back to face the charges. After he returned to the United States involuntarily, he did plead guilty, and he sat for a safety bell proffer, and he got the benefits of that proffer by having the mandatory minimum removed from his sentence, and getting a two offense level reduction in the calculation of his guideline range. Neither the defendant's initial cooperation, nor his post obstruction plea and proffer, rendered his case extraordinary in this case, and the district court properly concluded that there should be no acceptance credit given. Alternatively, any error in calculating the defendant's offense level was harmless here. The court, the district court, three times indicated that it would have imposed the same sentence, even if it had calculated the guidelines range differently, and it explained why, that the sentence was being, the thrust of the sentence was coming from the 3553A arguments here. If there are, if there are no questions from this panel, the government requests that this court affirm the district court's judgment. Thank you, Ms. Wright. Anything further, Ms. Cianzanetti? Judge, I just wanted to address the court's question. In the sentencing findings, Ms. Judge Blakey found that Mr. Yanez Barrera's flight, quote, I believe counsel is correct that your recidivism risk is low, and stating that, and the court stated that, that analysis changed a little bit when he fled. A little bit. If we're talking about a scale, and we're tipping the scales between flight and the level of acceptance of responsibility that Mr. Yanez Barrera displayed, then a little bit isn't tipping the scale in favor of not receiving the acceptance credit. I also want to briefly address the government's argument. Thank you, counsel. Ms. Cianzanetti, the court appreciates your testimony.